Filed 2/13/24  P. v. Reyes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JULIANA JACKELIN REYES,

    Defendant and Appellant.

E081854

(Super.Ct.No. FVI801876-2)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael Dauber, Judge.  Dismissed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Juliana Jackelin Reyes appeals the denial of her petition under Penal Code sections 851.91 and 851.93[1] to seal her arrest record.  Her attorney has filed a brief under the

---

[1]  Unlabeled statutory citations refer to the Penal Code.

1

authority of *People v. Wende* and *Anders v. California*[2] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We dismiss.

BACKGROUND

In 2008, Reyes pled no contest to maintaining a place to distribute controlled substances, a misdemeanor. (Health & Saf. Code, § 11366.) The court placed her on three years' probation. In 2014, Reyes filed and the court granted her motion under section 1203.4 to dismiss her conviction.

In 2023, Reyes filed a petition under sections 851.91 and 851.93 to have her arrest record in this case sealed. The court denied the petition.

ANALYSIS

On Reyes's request, we appointed counsel to represent her on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231 (*Delgadillo*).) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in

_____

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Reyes's appeal presented no arguable issues, we offered Reyes an opportunity to file a personal supplemental brief, and she did not.

However, a notice provided to defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) As *Delgadillo* noted, independent review of the record under *Anders*/*Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and "'does not depend on the . . . receipt of a brief from the defendant personally,'" whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Id.* at pp. 232-233.) Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders*/*Wende*, confusion may plausibly result. The notice in *Delgadillo* had this flaw (*id.* at p. 233), as did the notice here.

As a result, although Reyes has not filed a supplemental brief we have examined the record to determine whether it contains any arguable issues. We conclude that it does not.

"[S]ection 851.91 relief is available when a conviction has been vacated in the superior court," however "a change of plea and dismissal of the accusatory pleading

3

under section 1203.4 is not the equivalent of vacation of a conviction under section 851.91." (*People v. E.B.* (2020) 51 Cal.App.5th 47, 56.)  Therefore, Reyes does not qualify for relief under section 851.91, and the court did not err by denying that relief.

Nor can we offer Reyes any relief under section 851.93, as that section applies only to the Department of Justice and appellant cannot seek relief on her own.  Section 851.93, subdivision (a) requires that "[o]n a monthly basis, the Department of Justice shall review the records in the statewide criminal justice databases, and . . . identify persons with records of arrest that . . . are eligible for arrest record relief."  Once it has identified such persons, it must "grant relief . . . without requiring a petition or motion by a party for that relief," if it can and "electronically submit a notice to the superior court having jurisdiction over the criminal case, informing the court of all cases for which a complaint was filed in that jurisdiction and for which relief was granted."  (§ 851.93, subds. (b)(1), (c).)  Thus, the statute does not allow arrestees to obtain relief through a petition or motion, and does not authorize courts to offer any relief.  Because Reyes was incapable of raising this issue on her own, we are incapable of considering it.  (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448 ["when the Legislature wants to authorize defendants to seek relief by way of a petition, as in section 1172.6, it knows how to do so"].)

Since Reyes has not raised any arguable issues and our independent review of the record has not discovered any, the case may be dismissed.  (*Delgadillo*, *supra,* 14 Cal.5th at p. 233.)

4

## DISPOSITION

We dismiss the appeal as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

RAMIREZ

P. J.

MENETREZ

J.